565 A.2d 214
**Wayne D. EPPS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 14, 1989.

Decided Oct. 25, 1989.

Donald R. Dorer, Asst. Public Defender, Carlisle, for petitioner.

Robert Greevey, Chief Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., BLATT, Senior Judge.

CRAIG, Judge.

Wayne Epps appeals from an order of the Pennsylvania Board of Probation and Parole which recommitted Epps to serve a total of twenty-seven months of backtime as a convicted parole violator. Additionally, Epps' appointed counsel petitions this court for leave to withdraw from the case on the grounds that Epps' appeal is frivolous.

On December 18, 1987, while on parole and under board supervision, Epps pled guilty to the felony of retail theft. The board conducted a parole revocation hearing on April 13, 1988, determined Epps to be a convicted parole violator, and recommitted Epps to serve eighteen months of backtime. Epps filed no administrative appeal from the board's determination.

On June 20, 1988, Epps pled guilty to the felony of unlawful delivery of a Schedule II controlled substance. The board held a second parole revocation hearing on October 4, 1988. Based on the drug conviction, the board recommitted Epps for an additional nine months as a convicted parole violator on October 24, 1988.

After the second parole revocation hearing, Epps filed a pro se request for administrative relief with the board on November 16, 1988. The board denied Epps' request for relief on December 14, 1988. This appeal followed, and this court appointed counsel to represent Epps.

Epps contends (1) that the board's action recommitting him to serve backtime as a convicted parole violator constituted double jeopardy, (2) that the board abused its discretion by increasing Epps' backtime in the second parole revocation hearing from eighteen to twenty-seven months, and (3) that the board denied him adequate procedural due process because of its failure to grant him a full hearing board panel.

In reviewing counsel's application for leave to withdraw, we must make an independent evaluation of the proceedings before the board to determine whether Epps' appeal is wholly frivolous. *Strothers v. Pennsylvania*

*Board of Probation and Parole,* 124 Pa.Commonwealth Ct. 1, 554 A.2d 1017 (1989).

However, before we review Epps' appeal on the merits, we must be satisfied that counsel has fulfilled the technical requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa.Commonwealth Ct. 586, 502 A.2d 758 (1985).

*Craig* requires counsel to (1) notify petitioner of the request to withdraw, (2) furnish petitioner with a copy of the brief, and (3) advise petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Craig,* 93 Pa.Commonwealth Ct. at 592–93, 502 A.2d at 760.

Alternatively, counsel may file a "no-merit" letter instead of a brief as required in *Craig. Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988). The "no-merit" letter must contain (1) the nature and extent of counsel's review, (2) the issues petitioner wishes to raise, and (3) counsel's analysis in concluding petitioner's appeal to be frivolous. *Commonwealth v. Turner,* 518 Pa. at 496, 544 A.2d at 928.

Our review of the record indicates that counsel complied with the technical requirements set forth in *Craig* and *Turner.*

Next, we must examine the merits of Epps' appeal to determine its frivolity.

When a reviewing court agrees with counsel's assessment of a frivolous appeal, counsel has fully discharged his duty and will be granted a request to withdraw. *Craig,* 93 Pa.Commonwealth Ct. at 592, 502 A.2d at 761.

An appeal is wholly frivolous when it completely lacks points which may arguably support an appeal. *Stevens v. Pennsylvania Board of Probation and Parole,* 114 Pa.Commonwealth Ct. 1, 538 A.2d 108 (1988). The fact that a court may ultimately find the appeal to be without merit does not render the appeal as legally frivolous. *Craig,* 93 Pa.Commonwealth Ct. at 592, 502 A.2d at 761.

■ Likewise, parolees desiring to appeal a parole revocation order must file an administrative appeal with the board within thirty days. 37 Pa.Code § 73.1. The failure to take an appeal within the time required by law will preclude parolee's assertion of the right to challenge the board's recommittal order absent proof of ineffective assistance of counsel. *Larkin v. Pennsylvania Board of Probation and Parole*, 124 Pa.Commonwealth Ct. 184, 555 A.2d 954 (1989).

The board initially recommitted Epps to serve eighteen months of backtime for the retail theft conviction. Epps failed to file an appeal from the initial board determination within the thirty day period. Because Epps failed to file a timely administrative appeal with the board regarding the initial revocation order, our review is limited to the board's actions in the second parole revocation.

### 1.

■ Epps first contends that the board's order requiring him to serve backtime constitutes double jeopardy. We cannot agree.

Initially, Epps fails to articulate how the concept of double jeopardy applies in his situation.

Moreover, parole revocation proceedings before the board are administrative in nature rather than criminal. Thus, the constitutional protections against double jeopardy do not apply. *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). When imposing backtime, the board directs a parolee to complete the original judicially-mandated sentence, and does not impose any additional sentence on the parolee. *Gundy v. Pennsylvania Board of Probation and Parole*, 82 Pa.Commonwealth Ct. 618, 478 A.2d 139 (1984).

### 2.

■ Epps next contends that the board abused its discretion by adding nine months of backtime to the existing order of eighteen months.

■ Where there are multiple offenses, the board retains discretion to recommit for each separate criminal conviction of a parolee. *Corley v. Pennsylvania Board of Probation and Parole*, 83 Pa.Commonwealth Ct. 529, 478 A.2d 146 (1984). This court will not interfere with the board's discretion where the violations are supported by substantial evidence and the amount of backtime imposed for each offense is within the applicable presumptive range under 37 Pa. Code § 75.2. *Ward v. Pennsylvania Board of Probation and Parole*, 114 Pa.Commonwealth Ct. 255, 538 A.2d 971 (1988).

After the initial revocation hearing, Epps pled guilty to the drug charge. The board held a second parole revocation hearing for Epps, and imposed an additional nine months of backtime for Epps' drug conviction. The board based its nine month backtime order on Epps' actual conviction on the drug charge committed while on parole.

An actual conviction for a crime committed by a person on parole constitutes substantial evidence to support the board's order. *Strothers v. Pennsylvania Board of Probation and Parole*, 124 Pa.Commonwealth Ct. 1, 554 A.2d 1017 (1989).

■ Furthermore, the board's imposition of nine months of backtime for Epps' felony drug conviction is within the presumptive range of nine to fifteen months for convicted parole violators under 37 Pa.Code § 75.2.

### 3.

■ Finally, Epps claims a denial of procedural due process because of a failure to receive a full board hearing panel.

Under the Code, a "panel" is defined as "[T]wo members of the Board, or a Board member and an examiner." 37 Pa.Code § 61.1. The board may make decisions on parole revocation in panels of two persons chosen by the board's chairperson or the chairperson's designee. Section 4 of the

Parole Act, Act of October 9, 1986, P.L. 1424, *as amended,* 61 P.S. § 331.4.

The record indicates that the board conducting Epps' parole revocation hearing included two board members as required by 37 Pa.Code § 61.1. Thus, we hold Epps' contention to be unsupported.

Because all of Epps' contentions lack any points that may arguably support an appeal, we hold that his appeal is wholly frivolous.

Accordingly, we grant counsel's petition for leave to withdraw and affirm the board's decision.

## ORDER

NOW, October 25, 1989, we grant counsel leave to withdraw, and we affirm the board's decision.