579 A.2d 1023

**Robert L. BRICKER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Brief April 27, 1990.

Decided Sept. 10, 1990.

Robert L. Bricker, pro se.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and DOYLE, JJ., BARRY, Senior Judge.

BARRY, Senior Judge.

The Allegheny County Public Defender's Office has filed a request to withdraw as counsel for petitioner, Robert L. Bricker, on petitioner's appeal from an order of the Pennsylvania Board of Probation and Parole (Board). This order denied his request for administrative relief and recommitted him as a convicted parole violator. Because we find one of petitioner's allegations of error to have possible merit, we must refuse the petition to withdraw as counsel.

Petitioner was convicted of first degree murder in 1964 and sentenced to life imprisonment. That sentence was commuted by then Governor Milton Shapp and petitioner was paroled in 1974. In 1981, petitioner was arrested and charged with the murders of Thomas Sacco, Norman McGregor, Greg DeStefano and Raymond Mitchell.

In November of 1981, the petitioner was convicted of first degree murder for the killing of Thomas Sacco. In 1982, petitioner was granted a continuance of Board proceedings until "after final disposition of all outstanding charges (sentencing)". (Request for continuance, 2/18/82). In August of 1982, a jury acquitted petitioner of the DeStefano murder. In February of 1983, petitioner was convicted of first degree murder and sentenced to life imprisonment in the McGregor murder. Three days later, petitioner was sentenced to death for the Sacco murder. On October 4, 1984, the Allegheny County District Attorney nolle prossed the charges in the Mitchell killing.

On February 13, 1985, 132 days after the Mitchell charges had been nolle prossed, the Supreme Court granted petitioner a new trial in the Sacco murder. *Commonwealth v. Bricker*, 506 Pa. 571, 487 A.2d 346 (1985). The official record of the Board contains a memo recommending dismissal of the revocation hearing as untimely, stating, in part:

> The crux of the matter appears to be that the field was under the impression that the appeals nullified the convictions and, therefore, when appeals were made immediately upon conviction, and in some cases sentencing, no Revocation Hearing was held.

The Full Board memorandum ... at that time appeared to indicate that there was no final action when, in fact, there were convictions, and a continuance signed on 2/18/82 was, therefore, nullified insofar as our 120 day deadline subsequent to verification of the convictions.

It is, therefore, appropriate for the Board to dismiss the Revocation Hearing as untimely.

(Board memo, 1/4/88). On February 2, 1988, the Board issued an order dismissing a revocation hearing as untimely. Petitioner argues that this order related to both the Sacco and McGregor murders while the Board argues that it dealt only with the McGregor murder.

Petitioner was again found guilty of first degree murder in the Sacco case on June 3, 1988. Petitioner began corresponding with the Board, demanding that a revocation hearing be held. The Board received official notification of the guilty verdict on January 10, 1989. It held a parole revocation hearing on May 3, 1989 and petitioner was ordered to serve his entire remaining unexpired term as a convicted parole violator. He sought administrative relief which was denied. Petitioner then appealed to this Court.

Following the filing of the appeal, petitioner's counsel filed the petition to withdraw as counsel which is presently before us. Counsel opined that the appeal was wholly frivolous. Counsel notified petitioner of the application to withdraw and petitioner has filed a pro se brief in support of his appeal.

■ In *Epps v. Pennsylvania Board of Probation and Parole*, 129 Pa.Commonwealth Ct. 240, 565 A.2d 214 (1989), we discussed the manner in which counsel can obtain permission to withdraw from a case. Therein, we held that counsel could either file an *Anders*[1] brief as required by *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa.Commonwealth Ct. 586, 502 A.2d 758 (1985) or file a "no-merit" letter as permitted in *Commonwealth v. Turn-*

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*er*, 518 Pa. 491, 544 A.2d 927 (1988). In the present case, counsel's petition to withdraw contains the issues which the petitioner wishes to raise, the nature and extent of counsel's review and counsel's analysis of why those issues are frivolous. Furthermore, counsel notified petitioner of the petition to withdraw, thereby allowing petitioner to file a pro se brief. As the technical requirements of both *Craig* and *Turner* have been complied with, we can consider counsel's request to withdraw.

As we stated in *Epps*:

In reviewing counsel's application for leave to withdraw, we must make an independent evaluation of the proceedings before the board to determine whether Epps' appeal is wholly frivolous.

. . . .

When a reviewing court agrees with counsel's assessment of a frivolous appeal, counsel has fully discharged his duty and will be granted a request to withdraw....

An appeal is wholly frivolous when it completely lacks points which may arguable support an appeal.... The fact that a court may ultimately find the appeal to be without merit does not render the appeal legally frivolous....

129 Pa.Commonwealth Ct. at 244, 565 A.2d at 216 (citations omitted).

 We cannot say petitioner's appeal is wholly frivolous. In fact, it raises a question which this court has never encountered. It may very well be that the Board failed to act in a timely fashion with regard to the initial Sacco conviction because it did not hold a hearing within 120 days of the final disposition of the last of the four homicide charges. The reasoning in the 1988 memo could well apply to the Sacco case. If the Board failed to act in a timely fashion, an interesting question is posed. Does a reversal of a conviction after the Board has failed to act in a timely fashion then allow the Board a second chance if there is a conviction on retrial? We refuse to attempt to answer this question without counsel's assistance and advocacy for the

petitioner. Accordingly, the request to withdraw as counsel must be denied.

## ORDER

NOW, September 10, 1990, the petition to withdraw as counsel for petitioner, Robert L. Bricker, is denied. Counsel is directed to file a brief within sixty (60) days of this order; the Board is to file its response brief within thirty (30) days after being served with the petitioner's brief.