Jack D. SHAFFER, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 22, 1996.

Decided May 1, 1996.

Ellen K. Barry, for Petitioner.

K. Scott Roy and Robert G. Greevy, for Respondent.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

Jack D. Shaffer appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from an order recommitting him as a convicted parole violator (CPV) to serve twelve months backtime. In addition, Shaffer's appointed counsel petitions this court for leave to withdraw from the case on grounds that Shaffer's appeal is frivolous.

On August 17, 1990, the Board paroled Shaffer from a three to six-year sentence for robbery. (O.R. at 2, 5–6.) While on parole, the Midland Police Department arrested Shaffer for receiving stolen property and driving under the influence. (O.R. at 10.) Shaffer pled guilty to the charges and received a sentence of nine months to five years, eleven months and fifteen days. (O.R. at 11.)

On June 19, 1991, the Board issued a decision recommitting Shaffer as a technical parole violator (TPV) to serve six months backtime. (O.R. at 12.) On December 20, 1991, the Board recommitted Shaffer as a CPV to serve nine months. In its decision, the Board set May 22, 1992 as a reparole date. (O.R. at 13.)

On July 31, 1992, the Board released Shaffer on parole subject to the condition that Shaffer undergo an evaluation as to his need for out-patient drug and alcohol treatment. (O.R. at 20.) On February 4, 1993, the Board recommitted Shaffer as a TPV to serve six months backtime after Shaffer failed to successfully complete the Halfway Back Program at Penn Pavilion as instructed. The Board established a reparole date of April 6, 1993. (O.R. at 24.)

On April 6, 1993, the Board once again released Shaffer on parole and required that Shaffer submit to a program for drug and alcohol treatment. (O.R. at 28–29.) However, on May 12, 1993, the Patterson Township Police Department arrested Shaffer for flight to avoid apprehension, prosecution, trial and punishment. (O.R. at 30, 32.) The Board subsequently recommitted Shaffer as a TPV to serve nine months backtime because, *inter alia,* Shaffer failed to undergo an evaluation for drug and alcohol treatment. (O.R. at 31.) At a later date, the Board recommitted Shaffer as a CPV to serve twelve months concurrently with the nine months. The Board set a reparole date of May 4, 1994. (O.R. at 32.)

On September 21, 1994, the Board reparoled Shaffer. (O.R. at 37.) However, on September 27, 1994, the Beaver Falls Police Department arrested Shaffer for receiving stolen property. (O.R. at 38.) Shaffer pled guilty to the offense and received a sentence of one year to three and a half years. (O.R. at 45.)

On March 17, 1995, the Board held a parole revocation hearing and, pursuant thereto, the Board recommitted Shaffer as a CPV to serve twelve months backtime. The Board did not establish a reparole date but indicated its intent to review Shaffer's case in October 1995. (O.R. at 73.)

On July 3, 1995, Shaffer sought administrative relief from the Board's decision. Shaffer asserted that the Board's decision should be rescinded because the Board failed to give a reparole date and because the Board did not give written reasons for the revocation of his parole. (O.R. at 74.) On September 14, 1995, the Board denied Shaffer's request for administrative relief. (O.R. at 75.)

On appeal to this court,[1] Shaffer argues that the Board's order should be va-

1. Our scope of review of an order of the Board is to determine whether there was a constitutional violation or an error of law and whether necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Tay-*

cated because the Board failed to give him a reparole date and because the Board revoked his parole without giving the reasons in writing. Shaffer's counsel maintains that this appeal is frivolous and requests leave to withdraw.[2]

■ An appeal is frivolous when it completely lacks points which may arguably support an appeal.[3] *Epps v. Pennsylvania Board of Probation and Parole,* 129 Pa. Cmwlth. 240, 565 A.2d 214 (1989). With respect to Shaffer's complaint that the Board failed to establish a reparole date for him, we note that, under Pennsylvania law, a prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner's minimum term. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984). "A prisoner has a right only to *apply* for parole at the expiration of his or her minimum term and have that application *considered* by the Board." *Id.* at 1047 (emphasis in original). Quite clearly, then, the Board was not obligated to set a reparole date for Shaffer.

Shaffer also contends that the Board failed to give written reasons for revoking his parole. However, the Board made the following statement in its decision: "12 MONTHS FOR THE OFFENSE OF RECEIVING STOLEN PROPERTY. EVIDENCE RELIED ON: CERTIFIED COPY OF COURT RECORD PROVING CONVICTION. REASONS; CONVICTION ESTABLISHED. EARLY FAILURE ON REPAROLE." (O.R. at 73; *see also* O.R. at 69.) Thus, the Board decided to recommit Shaffer because of his conviction for receiving stolen property.

■ Upon consideration of Shaffer's arguments, we conclude that they completely lack points which may arguably support an appeal. When this court agrees with counsel's assessment of a frivolous appeal, counsel will be granted a petition to withdraw if she has fulfilled the technical requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa.Cmwlth. 586, 502 A.2d 758 (1985). *Craig* requires counsel to (1) notify the parolee of the request to withdraw, (2) furnish the parolee with a copy of an *Anders*[4] brief or a "no-merit" letter, and (3) advise the parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration. In a no-merit letter, counsel must indicate (1) the nature and extent of the counsel's review, (2) the issues which the parolee wishes to raise, and (3) counsel's analysis in concluding that the parolee's appeal is frivolous. *Wesley v. Pennsylvania Board of Probation and Parole,* 150 Pa.Cmwlth. 54, 614 A.2d 355 (1992). We are satisfied from our review of the record that counsel satisfied the requirements set forth in *Craig.* Therefore, we grant counsel leave to withdraw.

Moreover, because Shaffer's arguments lack any points which may arguably support an appeal, we hold that the appeal is frivolous and, accordingly, affirm the decision of the Board.

### ORDER

AND NOW, this 1st day of May, 1996, the order of the Pennsylvania Board of Probation and Parole, dated June 9, 1995, is hereby affirmed. Furthermore, we grant counsel's petition for leave to withdraw.

---

lor v. Pennsylvania Board of Probation and Parole, 154 Pa.Cmwlth. 462, 624 A.2d 225 (1993).

**2.** In reviewing counsel's application for leave to withdraw, we must make an independent evaluation of the proceedings before the Board to determine whether Shaffer's appeal is wholly frivolous. *Epps v. Pennsylvania Board of Probation and Parole,* 129 Pa.Cmwlth. 240, 565 A.2d 214 (1989).

**3.** However, the fact that we may ultimately find the appeal to be without merit does not necessarily render the appeal as legally frivolous. *Epps.*

**4.** *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).