IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Sampson,                :
                                       :
               Petitioner    :
                                       :
               v.            :  No. 978 C.D. 2016
                                       :  Submitted:  June 16, 2017
Pennsylvania Board of Probation    :
and Parole,                   :
                                       :
             Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:  September 19, 2017

Presently before this Court is the second application of Raymond D. Roberts, Esquire, Assistant Public Defender for Montgomery County (Counsel) for leave to withdraw as counsel for Jeffrey Sampson (Sampson). Sampson filed a petition for review of the determination of the Pennsylvania Board of Probation and Parole (Board) revoking his parole and recalculating his parole violation maximum date. Counsel again seeks leave to withdraw on the grounds that Sampson's petition for review is without merit. For the reasons that follow, we deny Counsel's application for leave to withdraw, without prejudice, and thus do not reach the merits of Sampson's petition for review.

Sampson was sentenced to an aggregate term of incarceration of four to eight years, with a minimum sentence date of December 10, 2011, and a maximum sentence date of December 10, 2015. Certified Record (C.R.) at 1-2.

On June 21, 2012, the Board issued an order paroling Sampson, and he was released from prison on August 15, 2012. C.R. at 10. On April 28, 2015, Sampson was arrested in Northampton County on charges of simple assault and possession of controlled substances with intent to deliver (PWID). The Board issued a warrant to detain Sampson the same day. C.R. at 15, 17. Sampson waived his right to a detention hearing on May 20, 2015. He pleaded guilty to both offenses and was sentenced to 12 months to 24 months' confinement for the offense of PWID and 3 to 6 months' confinement for the simple assault charge, to be served concurrently. C.R. at 78. On September 15, 2015, Sampson waived his right to a parole revocation hearing and counsel, and he acknowledged his conviction for the new offenses. C.R. at 64, 70-77, 81.

By decision mailed on December 23, 2015, the Board revoked Sampson's parole and recommitted him as a convicted parole violator to serve 36 months' backtime. The Board denied Sampson credit for the time he spent at liberty on parole between August 16, 2012, and April 28, 2015, and recalculated his parole violation maximum date to March 7, 2019. C.R. at 72, 84-87.

On January 21, 2016, Sampson's then-counsel filed an administrative appeal on his behalf. C.R. at 88-89. Sampson subsequently filed a *pro se* brief in support of his appeal on January 29, 2016, arguing, *inter alia*, that the Board's decision violated his constitutional rights, usurped the power of the sentencing court, and illegally altered his sentence by denying him credit for the time he spent in county custody following his arrest on April 28, 2015. C.R. at 97. By letter dated March 9, 2016, Sampson advised the Board that he was no longer represented by counsel and asked the Board to mail its decision directly to him. C.R. at 93.

2

In its May 16, 2016 decision, the Board confirmed receipt of correspondence from Sampson's former counsel, Sampson's *pro se* request for relief, and his notification that he was no longer represented by counsel. The Board denied Sampson's administrative appeal, explaining that the recommitment term imposed falls within the presumptive range and is not subject to challenge.[1] The Board also referenced its authority under Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2), to recommit Sampson as a convicted parole violator without credit for time spent at liberty on parole.[2] C.R. at 103-104.

Sampson then filed a *pro se* petition for review with this Court,[3] asserting that: (1) the Board erred in failing to appoint an attorney to represent him during his administrative appeal; (2) the Board erred in calculating the 36-month backtime sentence and in denying him any credit for the time at liberty on parole; and (3) the Board erred in failing to order that his backtime sentence run

---

[1] *See Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 561 (Pa. 1990) (holding that "the Board's exercise of its discretion, within the reasonable parameters reflected by the establishment of the presumptive range, must be upheld."). The Board's records reflect that the presumptive range for recommitment based on the PWID conviction is 24 months to 36 months, and the presumptive range for recommitment on the simple assault conviction is 9 months to 15 months, resulting in an aggregated range of 24 months to 51 months. C.R. at 72.

[2] We recognize that Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2.1), affords the Board discretion to award a parolee who is recommitted as a convicted parole violator credit for time spent at liberty on parole. *See Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017) (holding that Section 6138(a)(2.1) requires the Board to articulate the basis for its decision to grant or deny a convicted parole violator credit for time spent at liberty on parole).

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

concurrently with the new sentence. Following Sampson's application to proceed *in forma pauperis*, we appointed Counsel, who subsequently filed an *Anders*[4] brief and a petition for leave to withdraw. By order dated December 16, 2016, we denied Counsel's petition and struck his first *Anders* brief, without prejudice. Counsel has filed an amended *Anders* brief and a second petition for leave to withdraw.

When evaluating a petition for leave to withdraw as appointed counsel in a challenge to a revocation decision, this Court's first task is to determine whether counsel satisfied the following procedural requirements: (i) notify the inmate of the request to withdraw; (ii) provide the inmate with a copy of the *Anders* brief or no-merit letter;[5] and (iii) advise the inmate of his absolute right to retain new counsel or raise any new points he might deem worthy of consideration. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).

In this appeal, Sampson had a statutory right to counsel, and Counsel was only required to submit a no-merit letter in support of the petition to withdraw. *Id.* Where a no-merit letter is sufficient but counsel has instead chosen to submit an *Anders* brief, we apply the standard of whether the petitioner's claims are without merit, rather than whether they are frivolous. *Id* at 70. A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each

---

[4] *Anders v. California*, 386 U.S. 738 (1967).

[5] A parolee's right to counsel is either constitutional or statutory. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). When this right is constitutional, counsel seeking to withdraw must file an *Anders* brief explaining the frivolousness of the case; when this right is statutory, counsel may instead proceed with a no-merit letter. *Commonwealth v. Turner*, 544 A.2d 928 (Pa. 1988).

4

issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of these issues is meritless. *Id.* Only when these procedural requirements are satisfactorily completed will we independently evaluate the case's lack of merit or frivolousness. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

The record reflects that Counsel notified Sampson of the request to withdraw and advised Sampson of his right to retain new counsel or raise any new points he might deem worthy of consideration. However, we conclude that Counsel's amended *Anders* brief does not sufficiently address all of the issues Sampson raised in his petition for review.

As to Sampson's first issue, Counsel acknowledges that a parole violator is entitled to representation at a parole revocation hearing and on appeal to this Court, but does not address Sampson's contention that the Board erred in failing to appoint an attorney to represent him during his *administrative appeal.* Instead, Counsel asserts that this Court, rather than the Board, has authority to appoint counsel and in fact did so in this case. Counsel does not explain whether Sampson's right to representation extends to his administrative appeal,[6] but Counsel complains that Sampson fails to show prejudice or otherwise elaborate on his bald assertion. Respectfully, such elaboration is the obligation of appointed counsel, not his client.

Sampson raises two issues concerning the recalculation of his parole violation maximum sentence date, specifically challenging both (1) the denial of

---

[6] Arguably, the question of whether there exists a right to counsel for Sampson's administrative appeal is moot, since the filing of Sampson's administrative appeal was in fact accomplished by Sampson's prior counsel.

5

credit for time he spent at liberty on parole and (2) the calculation of a date beyond the expiration of his "judicially imposed maximum sentence date." Petition for Review at 2. Counsel correctly notes that the 36-month recommitment term imposed by the Board falls within the presumptive range associated with his convictions and is not subject to challenge. *Smith*. Counsel also notes that Sampson has no legal right to credit for time spent at liberty on parole, although the Board has discretion to award such credit. Sections 6138(a)(1), (2), and (2.1) of the Prisons and Parole Code, 61 Pa. C.S. §§6138(a)(1), (2), (2.1). However, while Counsel recognizes that Sampson's argument challenges the Board's authority to extend his maximum parole date, Counsel does not address Sampson's second argument, in which Sampson emphasizes that the Board does not have the power to alter a judicially-imposed sentence and asserts that the Board's decision unlawfully exceeds the judicially-imposed maximum sentence date. Petition for Review at 3.[7]

Because Counsel's *Anders* brief did not sufficiently address the issues raised in Sampson's petition for review, we cannot independently evaluate the case on the merits. Accordingly, we deny Counsel's petition for leave to withdraw, without prejudice, and grant Counsel thirty days from the date of this order to

---

[7] This argument appears to rest entirely on Sampson's misapprehension that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, is controlling for purposes of recalculating his parole violation maximum date from December 10, 2015, to March 7, 2019. This argument is persistently raised on appeals from Board decisions, despite the Court's numerous opinions explaining that when the Board imposes backtime, the Board "directs a parolee to *complete* the original judicially-mandated sentence, and does not impose any additional sentence on the parolee." *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989) (emphasis added). *See also Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (noting that the Board's action in recommitting a parolee "had no effect" upon the parolee's judicially-imposed sentence).

either file a renewed application to withdraw as counsel or submit a brief on the merits of Sampson's petition for review.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Sampson,                        :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 978 C.D. 2016
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                                        :
                    Respondent          :


O R D E R


AND NOW, this 19<u>th</u> day of <u>September</u>, 2017, the Petition for Leave to Withdraw as Counsel of Raymond D. Roberts, Esquire (Counsel) is hereby denied without prejudice.  Counsel is granted thirty (30) days from the date of this order to either file a new application to withdraw or submit a brief on the merits of Jeffrey Sampson's petition for review.


_____
MICHAEL H. WOJCIK, Judge