IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Dywayne Williams,       :
                    Petitioner  :
                                :
        v.                      :      No. 903 C.D. 2020
                                :      Submitted: March 18, 2022
Pennsylvania Parole Board,      :
                    Respondent  :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                    FILED: July 14, 2022


        Samuel Dywayne Williams petitions for review of an adjudication of the Pennsylvania Parole Board (Parole Board) denying his administrative appeal. Williams' appointed counsel has filed an application to withdraw as counsel, along with a no-merit letter. For the following reasons, we grant Counsel's application to withdraw and affirm the Parole Board's decision.

        Williams was serving a sentence of incarceration of 8 years, 6 months to 17 years for 6 counts of the manufacture, sale, delivery, or possession with intent to deliver a controlled substance; criminal conspiracy to commit the manufacture, sale, delivery, or possession with intent to deliver a controlled substance; and possessing an instrument of crime. Certified Record at 1 (C.R. __). His maximum sentence date was November 17, 2019.

        On November 20, 2015, Williams was paroled to the Capitol Pavilion Community Corrections Facility but was discharged for assaultive behavior. On

December 28, 2015, the Parole Board recommitted Williams as a technical parole violator to serve six months for multiple technical parole violations. Thereafter, on May 19, 2016, the Parole Board granted him conditional reparole, and his maximum sentence date was recalculated as May 15, 2020.

On June 13, 2017, Williams was arrested by the Harrisburg Police Department for the manufacture, delivery, or possession with intent to deliver a controlled substance by a person not registered (two counts); the use of, or possession with intent to use, drug paraphernalia (two counts); and possession of a small amount of marijuana (one count). On June 20, 2017, Williams was formally charged under Section 13(a)(30), (31)(i), and (32) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1] Bail was set at $25,000, which Williams did not post and, thus, he remained incarcerated on the new criminal charges.

On June 20, 2017, the Parole Board issued a notice of charges and hearing to Williams, charging him with violating the technical conditions of his parole and new criminal charges. The notice stated that a preliminary and detention hearing would be held on June 27, 2017. Williams waived his rights to counsel and a hearing, and he admitted to violating his parole by failing to report and leaving the district without permission. By decision mailed July 27, 2017, the Parole Board determined to detain Williams pending disposition of the new criminal charges and recommitted him as a technical parole violator to serve nine months' backtime. The decision noted that Williams would be reparoled automatically without further action of the Parole Board on or after December 13, 2017, but no later than March 13, 2018, pending resolution of his outstanding criminal charges. The decision

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30), (31)(i), (32).

further stated that Williams' maximum sentence date remained May 15, 2020, but that the date was subject to change should he be convicted of the new criminal charges.

On January 4, 2018, Williams' bail was modified to unsecured, and he was released from Dauphin County Prison to a State Correctional Institution (SCI), where he remained detained on the Parole Board's warrant pending resolution of the criminal charges. On September 24, 2018, Williams pled guilty to two counts of the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance by a person not registered, under Section 13(a)(30) of the Drug Act, 35 P.S. §780-113(a)(30), and the remaining charges were withdrawn. Williams was sentenced to two to four years of confinement in an SCI and granted credit on his new sentence for the 216 days that he was detained as a result of not posting bail, *i.e.*, June 3, 2017,[2] to January 4, 2018.

The Parole Board notified Williams that a revocation hearing would be held due to his new conviction, and Williams requested a panel hearing. A panel hearing was held on November 1, 2018, at which the criminal docket and September 24, 2018, sentencing sheets were entered into evidence, and Williams admitted to the new convictions.

On November 9, 2018, the Parole Board modified its July 27, 2017, decision, deleting the automatic reparole provision and recommitting Williams as a convicted parole violator to serve 24 months' backtime concurrently with the 9 months' backtime he was ordered to serve as a technical parole violator. The Parole

---

[2] The June 3, 2017, date appears to be a typographical error, as Williams was not arrested until June 13, 2017. C.R. 64, 83.

3

Board, in its discretion, awarded Williams credit for the time he spent at liberty on parole and recalculated Williams' maximum sentence date as December 5, 2020.[3]

On November 30, 2018, Williams, *pro se*, filed an administrative appeal, alleging that he had already served the nine months' backtime as a technical parole violator in accordance with the Parole Board's July 27, 2017, decision.[4] Accordingly, the Parole Board improperly extended his maximum sentence date by not crediting those 9 months towards the 24 months' backtime he was ordered to serve as a convicted parole violator. Williams asserted that the Parole Board placed him in double jeopardy and violated his right to due process by extending his maximum sentence date. He also claimed that he was entitled to credit for the period of March 13, 2018, through November 7, 2018, because he had been in the Parole Board's sole custody since January 4, 2018.

On August 10, 2020, the Parole Board denied Williams' appeal. It explained that in recalculating his maximum sentence date, it had the discretion not to award credit for any time spent at liberty on parole. *See* Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2).[5] The Parole Board then explained its recalculation of his maximum sentence date. When Williams was paroled on May 19, 2016, his maximum sentence date was May 15, 2020, which left

---

[3] Although this maximum sentence date has passed, this matter is not rendered moot. If the Court were to grant Williams' appeal, time served on his original maximum sentence would be applied to his new sentence.

[4] Williams filed additional correspondence with the Parole Board on April 25, 2019, November 26, 2019, December 17, 2019, January 27, 2020, and June 9, 2020.

[5] At the time of Williams' recommitment, Section 6138(a)(2) stated:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

Act of July 5, 2012, P.L. 1050, 61 Pa. C.S. §6138(a)(2).

4

1,457 days remaining on his original sentence. The Parole Board, in its discretion, awarded Williams credit for 390 days for the time he spent at liberty on parole from May 19, 2016 (parole date), to June 13, 2017 (Parole Board warrant date). Subtracting 390 days from 1,457 days resulted in a total of 1,067 days left on Williams' original sentence when he was detained on the new criminal charges. The Parole Board awarded Williams credit for 264 days, from June 13, 2017, to June 14, 2017 (arrest on new charges), and from January 4, 2018 (date bail posted on new charges), to September 24, 2018 (date of guilty plea and sentencing on new charges), because Williams was held solely on the Parole Board's warrant during those periods. The Parole Board did not award Williams any credit towards his original sentence for the period of June 14, 2017, to January 4, 2018, when he was held both on the new criminal charges and on the Parole Board's detainer. That time was credited towards his new sentence.

The Parole Board explained that a convicted parole violator released from an SCI who receives a new sentence to be served in an SCI must serve the original sentence first. *See* Section 6138(a)(5) of the Parole Code, 61 Pa. C.S. §6138(a)(5).[6] Because Williams was previously recommitted as a technical parole

---

[6] At the time of Williams' recommitment, Section 6138(a)(5) stated:

If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

*(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.*

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

violator, he became available to serve his original sentence on September 24, 2018, when the trial court sentenced him. Adding 803 days[7] (1,067 days minus 264 days) to that date yielded a maximum sentence date of December 5, 2020. The Parole Board did not directly address Williams' double jeopardy argument.

On September 9, 2020, Williams, *pro se*, filed a petition for review in this Court. Again, he claims that the Parole Board placed him in double jeopardy by extending his maximum sentence date and by not crediting the 9 months' backtime he served as a technical parole violator towards the 24 months' backtime he was ordered to serve as a convicted parole violator. Thus, the Parole Board erred in its recalculation of his maximum sentence date on those bases. Because Williams filed his petition *pro se*, the Court appointed the Public Defender of Schuylkill County to represent him in this appeal. On November 30, 2021, Williams' counsel filed an application to withdraw as counsel and a no-merit letter asserting that Williams' appeal lacks merit.[8, 9]

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet in order to

---

Act of October 27, 2010, P.L. 931, 61 Pa. C.S. §6138(a)(5) (emphasis added).

[7] The Parole Board incorrectly stated that it added 1,067 days to the September 24, 2018, availability date to get the December 5, 2020, recalculated maximum sentence date. C.R. 143. As shown on the Parole Board's Order to Recommit, adding 803 days to September 24, 2018, yields the December 5, 2020, recalculated maximum sentence date. *Id*. at 118. This error does not affect our disposition of this matter.

[8] Counsel's prior application to withdraw as counsel was denied for failure to address each issue raised in Williams' appeal of the Parole Board's decision. *See Williams v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 903 C.D. 2020, filed October 28, 2021).

[9] Williams did not retain new counsel but did submit a brief on his own behalf after his counsel's original application to withdraw as counsel was filed. The Parole Board also filed a responsive brief.

withdraw from representation of a parolee. This Court summarized the requirements as follows:

> [C]ounsel seeking to withdraw from representation of a petitioner seeking review of a determination of the [Parole] Board must provide a "no-merit" letter[,] which details "the nature and extent of [Counsel's] review and list[s] each issue the petitioner wished to have raised, with [appointed] [C]ounsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928). Counsel must also send the parolee a copy of the "no-merit" letter that satisfies the *Turner* requirements, furnish him with a copy of counsel's petition to withdraw, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf. *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). If counsel has satisfied the foregoing requirements, we will independently review the merits of the case. *Zerby*, 964 A.2d at 960.

We conclude that counsel's no-merit letter satisfies the *Turner* requirements because it addresses each issue raised in Williams' appeal. The record establishes that counsel sent Williams copies of his no-merit letter and application to withdraw, and advised Williams of his right to retain new counsel or proceed with his appeal *pro se*. Because the *Turner* requirements have been met, we address the merits of Williams' underlying claims.

First, Williams argues that the Parole Board erred by not giving him credit for the time he was incarcerated from June 14, 2017, when bail was set on the new criminal charges, to January 4, 2018, when bail was reduced to unsecured. In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), the Supreme Court held that if the parolee has met bail on new charges, but remains in custody solely on the Board's detainer, then the time the parolee spends

7

in custody "shall be credited against [the] original sentence." On the other hand, if the parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to [the] new sentence." *Id.* In this case, Williams was detained on new criminal charges on June 14, 2017, and did not post bail. On January 4, 2018, Williams' bail was reduced to unsecured, and he posted bail and was released to the Parole Board's detainer. Thus, credit for the time Williams spent incarcerated between June 14, 2017, and January 4, 2018, is time credited only to his new sentence. The Parole Board did not err in its credit determination for this period, and Williams' first argument lacks merit.

Second, Williams argues that he already served his 9 months' backtime as a technical parole violator from June 13, 2017, to March 13, 2018, which should have been credited towards the 24 months of backtime he was ordered to serve as a convicted parole violator. We disagree. The Parole Board revoked Williams' parole on July 27, 2017, when it recommitted him as a technical parole violator; however, Williams was not available to begin serving his nine months of backtime at that time because he was detained in county prison on new criminal charges. He did not post bail on the new charges until January 4, 2018, after which Williams remained confined in an SCI on the Parole Board's warrant pending disposition of his new criminal charges. Accordingly, he did not become available to serve any of his backtime until September 24, 2018, when he pled guilty and was sentenced on his new charges. To the extent Williams argues he is entitled to 9 months' credit towards his 24 months of backtime, such that he should essentially only have to serve 15 months of backtime total, we note that the Parole Board ordered him to serve both periods of backtime concurrently, *i.e.*, at the same time. Because he did not serve

8

any of the 9 months of backtime, he is not entitled to credit for that time against the 24 months of backtime. Moreover, as the Parole Board explained, it credited Williams' original sentence for 264 days from June 13, 2017, to June 14, 2017 (arrest on new charges), and from January 4, 2018 (date bail posted on new charges), to September 24, 2018 (date of guilty plea and sentencing on new charges), because Williams was held solely on the Parole Board's warrant during those periods. *See Gaito*, 412 A.2d at 571. Therefore, this issue lacks merit.

Third, Williams argues that the Parole Board placed him in double jeopardy by requiring him to serve his technical parole violation backtime twice and extending his maximum sentence date. This argument presumes Williams served nine months' backtime as a technical parole violator, but this is not accurate. Although the Parole Board recommitted Williams as a technical parole violator to serve nine months' backtime, he did not become available to begin serving his backtime until after he was convicted and sentenced on the new criminal charges. Additionally, "double jeopardy is not implicated when a parole violator is returned to prison to serve his original sentence." *Adams v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 796 C.D. 2015, filed April 22, 2016) (unreported),[10] slip op. at 5. "[P]arole revocation proceedings before the [Parole B]oard are administrative in nature rather than criminal. Thus, the constitutional protections against double jeopardy do not apply." *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989). Consequently, we reject Williams' double jeopardy argument.

---

[10] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Finally, to the extent Williams asserts he is entitled to credit for the period of September 24, 2018, through November 7, 2018, we note that pursuant to *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980, 981 (Pa. Cmwlth. 1980), credit for time a convicted parole violator spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence. Williams therefore was not entitled to any credit on his original sentence for that period.

For these reasons, we conclude Williams' counsel has fulfilled the no-merit letter requirements set forth in *Turner*, and our independent review of the record confirms Williams' issues lack merit. Accordingly, we grant the application to withdraw as counsel in this matter and affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Dywayne Williams,         :
                 Petitioner   :
         :
      v.              : No. 903 C.D. 2020
         :
Pennsylvania Parole Board,      :
               Respondent :

## **O R D E R**

AND NOW, this 14th day of  July, 2022, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is GRANTED, and the adjudication of the Pennsylvania Parole Board, dated August 10, 2020, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita