IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harold Lee Eddings,            :
           Petitioner         :
                         :
        v.                :    No. 209 C.D. 2022
                         :    Submitted: February 17, 2023
                         :
Pennsylvania Parole Board,    :
           Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT         FILED:  June 16, 2023

Harold Lee Eddings petitions for review of an adjudication of the Pennsylvania Parole Board (Parole Board) recommitting him as a convicted parole violator and recalculating his maximum sentence date. Eddings asserts, *inter alia*, that the Parole Board erred when it recalculated his maximum sentence date by impermissibly extending his judicially imposed 10-year sentence. Eddings' appointed counsel, Tyler C. Shultz, Esquire (Counsel), of the Fayette County Office of the Public Defender, has filed an application for leave to withdraw appearance and a letter asserting that Eddings' appeal lacks merit. For the following reasons, we grant Counsel's application and affirm the Parole Board's decision.

Eddings was sentenced to a term of incarceration of 3 to 10 years for a drug conviction. On June 20, 2011, Eddings was paroled from a State Correctional Institution (SCI) to a community corrections center in Braddock, Pennsylvania. Certified Record at 9-12 (C.R. __). At the time of parole, Eddings' maximum sentence date was September 21, 2022. C.R. 9.

Eddings completed the community corrections program and was released to an approved home plan in Uniontown, Pennsylvania. Subsequently, on March 7, 2019, the Pennsylvania State Police arrested Eddings on new criminal charges: possession with intent to deliver, possession of a controlled substance, and use/possession of drug paraphernalia. C.R. 16. That same day, the Parole Board issued a warrant to commit and detain Eddings following his arrest. Eddings posted bail on the new criminal charges but remained detained on the Parole Board's detainer.[1] C.R. 14, 20. Thereafter, on October 13, 2020, Eddings was convicted on all charges. C.R. 37, 43. The common pleas court revoked his bond and remanded him to the county prison pending sentencing. Sentencing on the new criminal charges was scheduled for January 7, 2021. *Id*.

While Eddings was awaiting sentencing, on November 6, 2020, the Parole Board served Eddings with a Notice of Charges and Hearing, charging him with a violation of parole due to his new criminal convictions. Eddings admitted to the convictions and waived a revocation hearing and his right to be represented by counsel. C.R. 39-40.

By decision recorded December 31, 2020, the Parole Board recommitted Eddings as a convicted parole violator. The Parole Board calculated Eddings' maximum sentence date on his original sentence to be August 25, 2030. The decision also stated that Eddings' maximum sentence date was subject to change pending his sentencing on the new criminal convictions.

On January 7, 2021, Eddings was sentenced to 18 months to 5 years for his new convictions. The common pleas court awarded Eddings credit for time

---

[1] On April 17, 2019, the Parole Board determined to detain Eddings pending disposition of the criminal charges. C.R. 36.

served on March 7, 2019, and from October 13, 2020, to January 7, 2021. C.R. 72. Subsequently, on February 23, 2021, the Parole Board recalculated Eddings' parole violation maximum date of sentence to be September 2, 2030. C.R. 121-22.

Eddings filed a petition for administrative review with the Parole Board challenging the recalculation of his maximum sentence date. By decision mailed February 9, 2022, the Parole Board denied his request for administrative relief. With respect to the recalculation of Eddings' maximum sentence date, the Parole Board explained that as a result of his new conviction, the Parole Board had the discretion not to give him sentence credit for time spent at liberty on parole. Additionally, until Eddings became available to serve his original sentence, the recalculation of his maximum sentence date could not be finalized. The final decision in his case was entered on February 23, 2021. Eddings appealed, filing a *pro se* petition for review with this Court.

On appeal,[2] Eddings raises several issues, which we summarize as follows. First, Eddings argues the Parole Board erred in recalculating his maximum sentence date because it "exceeds the entire remaining balance of the original maximum sentence imposed by the [sentencing] court." Petition for Review ¶3. Second, Eddings argues that Parole Board's extension of his maximum sentence date for a parole violation violates the separation of powers doctrine. *Id*. ¶¶6-7. Third, Eddings argues the Parole Board, a non-judicial body, lacked authority to deny him credit for time spent at liberty on parole because that act changed his judicially imposed sentence. *Id*. ¶4. He asserts that Section 6138(a)(5) of the Prisons and

---

[2] Our review of the Parole Board's decision determines whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

Parole Code, 61 Pa. C.S. §6138(a)(5), mandates that he only serve the original sentence imposed by the court. Fourth, Eddings argues Section 6138(a)(2) and (2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2)-(2.1), are void for vagueness because the "statute makes no inference that the credit withdrawn is to be included" in the balance of his original sentence. Petition for Review ¶5. Fifth, Eddings argues he should have been provided a separate hearing on the issue of the recalculation of his maximum sentence. *Id*. ¶7. Counsel has filed an application for leave to withdraw appearance along with a no-merit letter, asserting that Eddings' claims lack merit.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless, he or she must:

> then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If the requirements of *Turner* are met, this Court will then conduct its own review of the merits of the petitioner's claims. *Zerby*, 964 A.2d at 960. If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id*.

4

Here, Counsel filed a no-merit letter that recites his review of Eddings' criminal record and parole history as well as his legal conclusion, albeit with sparse citation to authority, that the issues raised in Eddings' appeal lack merit. The record establishes Counsel sent a copy of the no-merit letter to Eddings; a copy of his application to withdraw appearance; and a letter advising Eddings of his right to obtain new counsel or proceed *pro se*. Eddings did not retain new counsel and did not file a *pro se* response. Because Counsel has complied with the requirements of *Turner*, we now consider the merits of Eddings' petition for review.

Eddings first argues the Parole Board's recalculation of his maximum sentence date following his recommitment as a parole violator impermissibly extended his original maximum sentence.

We begin with a review of the applicable law. Section 6138(a)(1) of the Prisons and Parole Code provides that a parolee who commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). In that case, the parolee must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no credit for time while at liberty on parole, unless the Parole Board exercises its discretion to award credit. 61 Pa. C.S. §6138(a)(2)-(2.1). If a new state sentence is imposed, the parolee must serve the balance of the original sentence prior to the commencement of the new sentence. 61 Pa. C.S. §6138(a)(5).

When Eddings was paroled on June 20, 2011, his maximum sentence date was September 21, 2022. He had 4,111 days, or 11 years, 3 months and 1 day, remaining on his original sentence. In recommitting Eddings as a convicted parole violator, the Parole Board did not award him credit for time spent at liberty on parole.

However, Eddings received credit for 586 days he spent incarcerated solely on the Parole Board's detainer while awaiting disposition of the new criminal charges. Subtracting 586 days from 4,111 days left Eddings with 3,525 days, or 9 years, 7 months and 26 days, remaining on his original sentence. Adding 3,525 days to January 7, 2021, the date Eddings became available to begin serving his original sentence, results in a maximum sentence date of September 2, 2030.

Thus, when the Parole Board recommitted Eddings as a convicted parole violator and recalculated his maximum sentence date, it did not extend Eddings' sentence. Rather, it directed Eddings to complete his original judicially mandated sentence. *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989). *See also Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (noting that the Parole Board's action in recommitting a parolee "had no effect" upon the parolee's judicially imposed sentence).

In his second issue, Eddings argues that the recalculation of his maximum sentence date violates separation of powers. When recalculating the sentence of a convicted parole violator, the Parole Board does not encroach upon the "judicial sentencing power;" rather, it requires the parole violator to serve the entire sentence imposed by the sentencing court. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). The Parole Board has the statutory authority to recalculate that sentence where the parolee has violated the terms of parole. *Id*. It is the duration of the sentence that controls, not the maximum sentence date. *Jones v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth.,

6

No. 36 C.D. 2020, filed August 31, 2021), slip op. at 5 (unreported)[3] (citing *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 901 (Pa. 1942)). In other words, "[i]n exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the [Parole] Board is not engaging in an unconstitutional usurpation of judicial power[.]" *Ruffin v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017) (unreported), slip op. at 8-9 (citing *Young*, 409 A.2d at 845-48).

In his third issue, Eddings challenges the Parole Board's authority to deny him credit for time spent at liberty on parole. Section 6138(a)(2) and (2.1) of the Prisons and Parole Code governs the award of credit for street time. It states, in relevant part:

> (2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

> (2.1) The board may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

---

[3] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

(ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa. C.S. §6138(a)(2)-(2.1). While on parole, Eddings did not commit a disqualifying crime under Section 6138(a)(2.1)(i). Nor was he subject to a federal removal order for purposes of Section 6138(a)(2.1)(ii). Thus, the award of credit fell within the Parole Board's discretion. The Parole Board exercised that discretion by choosing not to grant Eddings credit for his street time, as it was entitled to do.

In his fourth issue, Eddings argues that Section 6138(a)(2)-(2.1) is void for vagueness because "the statute makes no inference that the credit withdrawn is to be included as part of the balance originally imposed by a Pennsylvania court." Petition for Review ¶5. "To withstand a challenge of being unconstitutionally void for vagueness, a statute must be written so as to afford an ordinary person fair notice of what conduct is prohibited, and describe the conduct in a way so as to discourage arbitrary or discriminatory enforcement." *Dorsey v. Pennsylvania Board of Probation and Parole*, 854 A.2d 994, 997 (Pa. Cmwlth. 2004). Notably, "a statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution." *Id.* at 998.

Contrary to Eddings' contention, Section 6138(a)(2)-(2.1) is quite clear and specific with respect to time spent at liberty on parole. It states, in part, "except as provided under paragraph (2.1)," a parolee "shall be given *no credit* for the time at liberty on parole" upon recommitment as a convicted parole violator. 61 Pa. C.S. §6138(a)(2) (emphasis added). The clear intent of Section 6138(a)(2) is to discourage the commission of new crimes while on parole by imposing a costly sanction upon offenders. *Dorsey*, 854 A.2d at 998. We reject Eddings' vagueness challenge to the Prisons and Parole Code.

8

Finally, Eddings contends that he should have been provided a hearing, independent of the revocation hearing, to consider the question of whether he should receive credit for time spent at liberty parole. A parolee "has a vested liberty interest in the limited liberty offered by parole that cannot be taken away without affording the parolee minimal due process guarantees of prior notice and an opportunity to be heard." *Johnson v. Pennsylvania Board of Probation and Parole*, 532 A.2d 50, 52 (Pa. Cmwlth. 1987) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). However, due process does not require the Parole Board provide a separate hearing on each aspect of its decision, and Eddings offers no authority to support that proposition. Section 6138(a) of the Prisons and Parole Code authorized the Parole Board to consider all aspects of Eddings' parole revocation, including whether to award credit for the time spent at liberty on parole, in the revocation proceedings. 61 Pa. C.S. §6138(a). Eddings received all the process required by the Prisons and Parole Code.

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner* and our independent review of the record confirms Eddings' appeal lacks merit. Accordingly, we grant Counsel's application for leave to withdraw appearance and affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harold Lee Eddings,      :
      Petitioner  :
            :
    v.       :  No. 209 C.D. 2022
            :
Pennsylvania Parole Board,   :
      Respondent :

# **ORDER**

AND NOW, this 16th day of June, 2023, Tyler C. Shultz, Esquire's Application for Leave to Withdraw Appearance is GRANTED, and the Pennsylvania Parole Board's adjudication, dated February 9, 2022, in the above-referenced matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita