# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Sampson,                                    :
                                                    :
                          Petitioner                :
                                                    :
            v.                                       : No. 978 C.D. 2016
                                                    : Submitted: November 9, 2017
Pennsylvania Board of Probation                     :
and Parole,                                          :
                                                    :
                          Respondent                :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. WESLEY OLER, Jr., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                      FILED: March 13, 2018

        Presently before this Court is the second application of Raymond D. Roberts, Esq., Assistant Public Defender for Montgomery County (Counsel) for leave to withdraw as counsel for Jeffrey Sampson (Sampson), the third such effort by that office.[1] Sampson has filed a petition for review of the determination of the Pennsylvania Board of Probation and Parole (Board) revoking his parole and recalculating his parole violation maximum date. Counsel again seeks leave to withdraw on the grounds that Sampson's petition for review is without merit. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

---

[1] Counsel is Chief of Appeals for the Montgomery County Public Defender's Office.

Sampson was sentenced to an aggregate term of incarceration of four to eight years, with a minimum sentence date of December 10, 2011, and a maximum sentence date of December 10, 2015. Certified Record (C.R.) at 1-2. On June 21, 2012, the Board issued an order paroling Sampson, and he was released from prison on August 16, 2012. C.R. at 13.

Sampson was declared delinquent effective October 17, 2014. C.R. at 14. On April 28, 2015, Sampson was arrested in Northampton County on charges of simple assault and possession of controlled substances with intent to deliver (PWID). The Board issued a warrant to detain Sampson the same day. C.R. at 15, 17. Sampson waived his right to counsel and a detention hearing on May 20, 2015. C.R. at 64-66.[2] He pleaded guilty to both offenses and was sentenced to 12 months to 24 months' confinement for the offense of PWID and 3 to 6 months' confinement for the simple assault charge, to be served concurrently. C.R. at 44, 78.

On September 15, 2015, Sampson waived his right to counsel and a parole revocation hearing, and he acknowledged his conviction for the new offenses. C.R. at 70-77, 81. By decision mailed on December 23, 2015, the Board revoked Sampson's parole and recommitted him as a convicted parole violator to serve 36 months' backtime. The Board denied Sampson credit for the time he spent at liberty on parole between August 16, 2012, and April 28, 2015, and recalculated his parole violation maximum date to March 7, 2019. C.R. at 72, 84-87.

On January 21, 2016, Lonny Fish, Esq., Sampson's then-counsel, filed an administrative appeal to the Board on his behalf. C.R. at 88-89. Sampson subsequently filed a *pro se* brief in support of his appeal on January 29, 2016,

---

[2] The forms signed by Sampson on that date advised him of his right to counsel at a hearing before the Board and his right to appointed counsel if he cannot afford counsel of his choice. C.R. at 64, 66.

arguing, *inter alia*, that the Board's decision violated his constitutional rights, usurped the power of the sentencing court, and illegally altered his sentence by denying him credit for the time he spent in county custody following his arrest on April 28, 2015. C.R. at 97. By letter dated March 9, 2016, Sampson advised the Board that he was no longer represented by counsel and asked the Board to mail its decision directly to him. C.R. at 93.

In its May 16, 2016 decision, the Board confirmed receipt of correspondence from Attorney Fish, Sampson's notification that he was no longer represented by counsel, and his *pro se* request for relief. The Board denied Sampson's administrative appeal, explaining that the recommitment term imposed falls within the presumptive range and is not subject to challenge.[3] The Board also referenced its authority under Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(2), to recommit Sampson as a convicted parole violator without credit for time spent at liberty on parole. C.R. at 103-104.

Sampson then filed a *pro se* petition for review with this Court,[4] asserting that: (1) the Board erred in failing to appoint an attorney to represent him during his administrative appeal; (2) the Board erred in calculating the 36-month

---

[3] *See Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 561 (Pa. 1990) (holding that "the Board's exercise of its discretion, within the reasonable parameters reflected by the establishment of the presumptive range, must be upheld."). The Board's records reflect that the presumptive range for recommitment based on the PWID conviction is 24 months to 36 months, and the presumptive range for recommitment on the simple assault conviction is 9 months to 15 months, resulting in an aggregated range of 24 months to 51 months. C.R. at 72.

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

backtime sentence and in denying him any credit for the time spent at liberty on parole; and (3) the Board erred in failing to order that his backtime sentence run concurrently with the new sentence. Following Sampson's application to proceed *in forma pauperis*, we appointed counsel,[5] who subsequently filed an *Anders*[6] brief and a petition for leave to withdraw. By order dated December 16, 2016, we denied counsel's petition and struck his *Anders* brief, without prejudice.

Counsel filed an amended *Anders* brief and a second petition for leave to withdraw, which was denied by our order dated September 19, 2017. Presently before us is Counsel's second amended *Anders* brief.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of an *Anders* brief or no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 928 (Pa. 1988);[7] and (3) advises the petitioner of his absolute right to retain new counsel or raise any new points he might deem worthy of consideration. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Once appointed counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the petitioner's claims. *Id.* at 70.

---

[5] Sampson initially was represented by a different assistant public defender.

[6] *Anders v. California*, 386 U.S. 738 (1967).

[7] A parolee's right to counsel is either constitutional or statutory. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). When this right is constitutional, counsel seeking to withdraw must file an *Anders* brief explaining the frivolousness of the case; when this right is statutory, counsel may instead proceed with a no-merit letter. *Turner*.

4

In this appeal, Sampson had a statutory right to counsel, and Counsel was only required to submit a no-merit letter in support of the petition to withdraw. 77 A.3d at 69. Where a no-merit letter is sufficient but counsel has instead chosen to submit an *Anders* brief, we apply the standard of whether the petitioner's claims are without merit, rather than whether they are frivolous. 77 A.3d at 70.

A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of these issues is meritless. *Turner*, 544 A.2d at 928.

The record reflects that Counsel notified Sampson of the request to withdraw, provided Sampson with a copy of the *Anders* brief, and advised Sampson of his right to retain new counsel or raise any new points he may deem worthy of consideration. Our review of Counsel's *Anders* brief confirms that Counsel addressed each issue Sampson wished to assert on appeal and set forth the reasons for Counsel's conclusion that these issues lack merit. Because Counsel has satisfied the technical requirements of *Turner*, we independently review the merits of Sampson's appeal.

Sampson argues that the Board erred in failing to appoint an attorney to represent him during his administrative appeal. It is well settled that "a parole violator is entitled to appointed counsel at his parole revocation hearing" and "during his direct appeal as of right to the Commonwealth Court." *Bronson v. Board of Probation and Parole*, 421 A.2d 1021, 1026 (Pa. 1980). *See also Smith v. Pennsylvania Board of Probation and* Parole, 683 A.2d 278, 280 (Pa. 1996) ("a petitioner appealing a Board order is entitled to counsel"). The Board must ensure

that a parolee is aware of his right to counsel,[8] but the Board has neither the duty nor the authority to appoint counsel. *Passaro v. Pennsylvania Board of Probation and Parole*, 424 A.2d 561, 564 (Pa. Cmwlth. 1981); 37 Pa. Code §71.4.

Sampson waived his right to counsel and a detention hearing on May 20, 2015, and he waived his right to counsel and a revocation hearing on September 15, 2015. In each instance, Sampson signed forms advising him of his right to counsel and his right to appointed counsel if he cannot afford an attorney of his choice. Attorney Fish represented Sampson in his subsequent administrative appeal to the Board. Accordingly, Sampson's claim the Board erred in failing to appoint an attorney to represent him during his administrative appeal is unsupported by the law and belied by the record.

Sampson also argues that the Board erred in calculating the 36-month backtime sentence. Specifically, Sampson argues that the Board erred in unlawfully

---

[8] In relevant part, the Board's regulation states:

> The following procedure shall be followed before a parolee is recommitted as a convicted violator:
>
> \* \* \*
>
> (2) Prior to the revocation hearing, the parolee will be notified of the following:
>
> (i) The right to a revocation hearing, the right to notice of the exact date and the right at the revocation hearing to be heard by a panel.
>
> (ii) The right to retain counsel, the right to free counsel if unable to afford to retain counsel and the name and address of the public defender.
>
> (iii) There is no penalty for requesting counsel.
>
> \* \* \*
>
> (3) If the parolee cannot afford counsel, the Board will notify the appropriate public defender by transmitting a copy of the written notice given to the parolee.

37 Pa. Code §71.4(2), (3).

6

extending his judicially-imposed maximum sentence date, denying him credit for time spent at liberty on parole, and failing to order his backtime to run concurrently with his new sentence.

Sampson first argues that the Board acted contrary to law by imposing a sanction that exceeds the remaining balance of his judicially-imposed maximum sentence when it recomputed his maximum parole date to March 7, 2019. It is clear that this argument rests entirely on Sampson's mistaken belief that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, is controlling for purposes of recalculating his parole violation maximum date.

Section 6138(a)(1) of the Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1).

Section 6138(a)(2) of the Code states:

> If the parolee's recommitment [as a CPV] is so ordered, *the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted* and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added).

Thus, if the parolee is recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted (i.e., "backtime"), with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. *Hughes v. Pennsylvania Board of Probation and Parole,* ___ A.3d ___, ___ (Pa. Cmwlth., No. 433 C.D. 2017, filed February 14, 2018), slip op. at 4. If a new sentence is imposed,

7

the parolee must serve the balance of the original sentence prior to, or subsequent to, the commencement of the new term. Section 6138(a)(5) of the Code, 61 Pa. C.S. §6138(a)(5).

When Sampson was paroled on August 16, 2012, 1,210 days remained on his original sentence. C.R. at 84. He was recommitted as a CPV and returned to the Board's custody on November 13, 2015. The Board's recommitment order properly added the remainder of his original sentence, 1,210 days, to the date of his return to the Board's custody. When the Board imposed backtime, the Board *did not impose an additional sentence* on Sampson but, rather, directed Sampson to complete the original judicially-mandated sentence. *Hughes,* ___ A.3d at ___, slip op. at 5; *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989). *See also Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (noting that the Board's action in recommitting a parolee "had no effect" upon the parolee's judicially-imposed sentence). Accordingly, Sampson's argument that the Board erred in extending his new maximum parole date beyond the maximum date of his original sentence is meritless. For the same reasons, Sampson's claim that the Board erred in denying him any credit for the time he spent at liberty on parole is also without merit.

Finally, Sampson argues that the Board erred in failing to order his backtime to run concurrently with his new sentences. As previously noted, Section 6138(5) of the Code provides that backtime and a new sentence are to run consecutively. 61 Pa. C.S. §6138(5).

Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's order.[9]

_____

[9] The shoddy nature of Counsel's brief merits discussion. Firstly, this Court notes that we rejected *Anders* briefs in this matter on *two* prior occasions. Each time we did so without prejudice so that Counsel could correct the deficiencies and provide Sampson with his statutory right to competent representation. As noted below, Counsel did not take advantage of that opportunity.

The cover page of Counsel's brief incorrectly identifies the order appealed from as the order dated and mailed in December 2015, rather than the order of May 16, 2016.

The Table of Citations does not include *nine* cases that are cited in the brief. *None* of the case names are highlighted in any fashion. Five of the eleven case citations listed in the table are missing dates. Citations inconsistently refer to different reporters. *All but one page number* referenced is incorrect. Additionally, several of the eleven citations for statutes and regulations are incomplete. Of that total, only one citation sets forth the correct corresponding page in the brief.

In the argument section, Counsel first addresses the Board's calculation of Sampson's maximum parole date. Sampson does not argue that the Board failed to exercise the discretion afforded it under Section 6138(a)(2.1) of the Code, 61 Pa. C.S. §6138(a)(2.1), but Counsel nevertheless devotes considerable discussion to this Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016). Counsel represented the petitioner in that case. However, Counsel fails to note that our decision was vacated and remanded by the Supreme Court, *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), six months before Counsel filed his second brief in this appeal.

Addressing Sampson's contention that the Board should have appointed an attorney to represent him in his administrative appeal, Counsel's analysis includes numerous typos and citation errors, incomplete sentences, vague factual statements, and the incorrect assertion that Sampson "was represented at all phases of the lower proceedings." Counsel's brief at 19-20. Counsel again complains that Sampson failed to show prejudice or otherwise elaborate on his mere assertion, although we explained in our prior decision that "such elaboration is the obligation of appointed counsel, not his client." *Sampson v. Pennsylvania Board of Probation and Parole,* (Pa. Cmwlth., No. 978 C.D. 2016, filed September 19, 2017), slip op. at 5. In support of his analysis, Counsel cites *Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008), which concerns a defendant's burden of proof on a claim *of ineffectiveness of counsel in a proceeding under the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9546.*

MICHAEL H. WOJCIK, Judge

---

Perhaps most significantly, Counsel's *Anders* brief includes mistaken references to the name of an individual who presumably is, or was, *a different client*.

Despite its rampant deficiencies, Counsel's brief barely identifies the legal basis for his determinations that each of Sampson's issues lack merit. Our independent review confirms Counsel's conclusions, however poorly presented. We question how such substandard product saw the light of day, let alone this Court's filing office.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Sampson,                          :
                                          :
                         Petitioner       :
                                          :
                 v.                       : No. 978 C.D. 2016
                                          :
Pennsylvania Board of Probation           :
and Parole,                               :
                                          :
                         Respondent :

O R D E R

AND NOW, this 13th day of March, 2018, the application of Raymond D. Roberts, Esq., Assistant Public Defender of Montgomery County, for leave to withdraw as attorney for Jeffrey Sampson is GRANTED and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge