IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul DeSabetino,                          :
                                          :
                    Petitioner            :
                                          :
        v.                                : No. 323 C.D. 2017
                                          : Submitted: November 22, 2017
Pennsylvania Board                        :
of Probation and Parole,                  :
                                          :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. WESLEY OLER, Jr., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                     FILED: April 5, 2018


        Paul DeSabetino petitions for review of the February 16, 2017 order of
the Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief and affirming the Board's parole revocation decision of
February 8, 2016. Appointed counsel, Lowell T. Williams, Esquire (Counsel), has
filed an application to withdraw as counsel, asserting that DeSabetino's petition for
review is meritless. We grant Counsel's application and affirm the Board's decision.

        On July 23, 1985, DeSabetino was sentenced to an aggregate term of
15 to 30 years confinement. Certified Record (C.R.) at 8. His original minimum
release date was August 10, 1999, and his original maximum release date was
August 10, 2014. *Id.* On March 23, 2000, the Board granted DeSabetino parole and

he was released on May 8, 2000, with 14 years, 3 months, and 2 days remaining on his sentence. C.R. at 5-10, 12.

On August 6, 2001, the Board declared DeSabetino delinquent for violating conditions of his parole and he was arrested on the Board's detainer on January 15, 2002. C.R. at 13-15, 21. On February 6, 2002, the Board voted to revoke DeSabetino's parole and determined that he should be recommitted to a state correctional institution as a technical parole violator (TPV) to serve 10 months of backtime[1] for multiple technical violations. C.R. at 25-26. In recalculating DeSabetino's maximum release date, the Board credited the time that he complied with the terms of his parole while at liberty, but denied credit for the five months and nine days that he was at liberty but in delinquency. C.R. at 27. Consequently, the Board determined that the total time remaining on his sentence was 13 years and 4 days. *Id.* The Board recalculated his maximum release date as July 2, 2015.[2] C.R. at 32.

The Board granted DeSabetino reparole on March 21, 2003, and he was released on May 1, 2003, with 12 years and 2 months remaining on his original

---

[1] This Court has previously defined the term backtime as:

> [T]hat part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Krantz v. Pennsylvania Board of Probation and Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

[2] The Board originally recalculated DeSabetino's maximum date as January 19, 2015; however, the Board rescinded its decision on September 25, 2002, and recalculated his maximum date as July 2, 2015. C.R. at 27-32.

sentence. C.R. at 29-32. On July 18, 2005, DeSabetino was arrested on new charges but released on his own recognizance. C.R. at 35. DeSabetino was arrested again for new charges on August 26, 2005. C.R. at 37-39. The Board issued a warrant to commit and detain DeSabetino on August 27, 2005. C.R. at 40-41.

On January 12, 2006, DeSabetino pled guilty to the August 26, 2005 charges and was sentenced to an aggregate term of two years of probation. C.R. at 52-55. DeSabetino was found guilty of the July 18, 2005 charges on February 17, 2006, for which he received a sentence of three to six years confinement. C.R. at 35, 61. The Board subsequently voted to revoke DeSabetino's parole and recommit him as a convicted parole violator (CPV) to serve 18 months backtime. C.R. at 65-69. The Board credited DeSabetino for the 233 days he was incarcerated on the Board's detainer from August 27, 2005, until his conviction on February 17, 2006. C.R. at 104. He was transferred into the custody of the Pennsylvania Department of Corrections (DOC) and became available to serve his backtime on August 9, 2006, and the Board therefore recalculated DeSabetino's maximum release date as February 19, 2018.[3] C.R. at 95, 104.

The Board granted DeSabetino reparole on September 21, 2007, and he was released on October 22, 2007, to serve the sentence for his February 17, 2006 conviction. C.R. 107-17. The Board granted him parole from his February 17, 2006 conviction on April 16, 2010, and DeSabetino was actually released on July 22, 2010. C.R. at 113-17. He was arrested for new charges on March 12, 2015. C.R. at 120-25.

---

[3] The Board originally recalculated DeSabetino's maximum release date as May 29, 2018, however, it modified its order, deleting all reference to the August 26, 2005 charges because the hearing was untimely as to those convictions, and recalculated his maximum release date accordingly. C.R. at 87, 94.

The Board issued a warrant to commit and detain DeSabetino on March 13, 2015. C.R. at 136. On April 16, 2015, the Board detained him pending disposition of his new criminal charges. C.R. at 147. On August 18, 2015, DeSabetino was convicted on one of the charges from March 12, 2015, and received a sentence of 9 to 18 months confinement. C.R. at 152-55, 181.

DeSabetino was returned to the custody of the DOC on January 7, 2016. C.R. at 259. He received notification that the Board would hold a violation and revocation hearing and requested a panel hearing on January 8, 2016. C.R. at 165-67. A panel of the Board held the hearing on February 2, 2016. C.R. 173-80. DeSabetino was present and represented by counsel. C.R. at 186.

On February 8, 2016, the Board voted to revoke DeSabetino's parole and recommit him as a TPV to serve 6 months backtime, and as a CPV to serve 24 months backtime, concurrently. C.R. at 227-28, 265. The Board awarded DeSabetino credit for the time he spent at liberty from October 22, 2007, until the Board issued its detainer on March 13, 2015. C.R. at 261. At the time of his detainer, DeSabetino had 2 years, 11 months, and 6 days remaining on his sentence and the Board recalculated his maximum release date as November 18, 2018. *Id.*

In March 2016, DeSabetino filed a request for administrative relief of the Board's revocation decision, arguing that he was not provided a timely parole revocation hearing and that the Board exceeded its authority in recalculating his maximum release date.[4] C.R. at 235, 255. In a decision mailed February 16, 2017, the Board denied DeSabetino's request for administrative relief and affirmed its decision. DeSabetino then filed a petition seeking this Court's review. Thereafter, Counsel filed an application to withdraw and a no-merit letter under *Commonwealth*

---

[4] DeSabetino originally filed his administrative appeal *pro se* on March 8, 2016, but a counseled appeal was filed on March 21, 2016, raising the same issues.

*v. Turner*, 544 A.2d 927 (Pa. 1988), contending that the appeal is meritless. On September 19, 2017, DeSabetino filed a brief, *pro se*, in support of his petition for review and the Board filed a brief in opposition.

When a court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*;[5] and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Once appointed counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the petitioner's claims. *Id.* at 70.

In this appeal, DeSabetino had a statutory right to counsel, and Counsel was only required to submit a no-merit letter in support of the petition to withdraw. A no-merit letter must set forth: (1) the nature and extent of counsel's review of the

---

[5] In cases where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Where, as here, the right to counsel is statutory and does not derive from the United States Constitution, counsel may provide a "no-merit letter," which details the nature and extent of the attorney's review, identifies each issue the petitioner wishes to raise, and explains why counsel concludes those issues are meritless. *Turner*, 544 A.2d at 928.

case; (2) each issue that the inmate wishes to raise on appeal; and (3) counsel's explanation of why each of those issues is meritless. *Miskovitch*, 77 A.3d at 69-70.

The record reflects that Counsel informed DeSabetino of Counsel's request to withdraw; provided DeSabetino with a no-merit letter that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless; and advised DeSabetino of his right to retain new counsel or raise any new points he might deem worthy of consideration. Because Counsel has satisfied the procedural requirements for withdrawal, the Court will independently review the merits of DeSabetino's appeal.

On appeal,[6] DeSabetino argues that the Board exceeded its authority and improperly modified his judicially-imposed maximum sentence when it recalculated his maximum release date to November 18, 2018. However, this argument is wholly without merit because it rests entirely on DeSabetino's mistaken belief that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, is controlling for purposes of recalculating his maximum release date.

Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). Section 6138(a)(2), (2.1) of the Parole Code requires that a parolee recommitted as a CPV must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board exercises its

---

[6] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McNally v. Pennsylvania Board of Probation and Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

discretion to award credit.  61 Pa. C.S. §6138(a)(2), (2.1).  Additionally, Section 6138(c)(2) of the Parole Code provides that a parolee recommitted as a TPV shall be given credit for the time served on parole in good standing, but no credit for delinquent time, and may be reentered to serve the remainder of the original sentence or sentences.  61 Pa. C.S. §6138(c)(2).

When DeSabetino was paroled to serve his new sentence on October 22, 2007, he had 10 years, 3 months, and 28 days remaining on his original sentence. In its February 8, 2016 recommitment order, the Board credited the 7 years, 4 months, and 19 days that DeSabetino complied with the terms of his parole.  The Board's recommitment order properly added the remainder of his original sentence, 2 years, 11 months, and 6 days, to the date of his return to the Board's custody[7] in calculating his new maximum release date.  Consequently, when the Board imposed backtime, the Board did not impose an *additional* sentence on DeSabetino but, rather, directed DeSabetino to complete the remainder of his *original* judicially-mandated sentence.  *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989); s*ee also Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (noting that the Board's action in recommitting a parolee "had no effect" upon the parolee's judicially-imposed sentence).

Accordingly, the order of the Board is affirmed.

MICHAEL H. WOJCIK, Judge

---

[7] A parolee is considered returned to the Board's custody once the Board lodges its detainer. *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 305-06 (Pa. 2003).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul DeSabetino,             :
                                           :
                   Petitioner    :
                                           :
                v.                :   No. 323 C.D. 2017
                                           :
Pennsylvania Board       :
of Probation and Parole,   :
                                           :
                 Respondent   :

## O R D E R

AND NOW, this 5<u>th</u> day of <u>April</u>, 2018, the Application to Withdraw as Counsel filed by Lowell T. Williams, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated February 16, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge